Willie Douglas, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Dennis Trucking Company, Frank Shempf and Fireman's Insurance Company of Newark, Respondents.

Argued September 28, 1978, before Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Allen L. Feingold,* for petitioner.

*William G. Adamson,* with him *Lowell A. Reed, Jr., Rawle & Henderson,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE MACPHAIL, January 24, 1979:

Willie Douglas (Claimant) drove tractor trailers belonging to Frank Shempf for three and one-half years prior to April 15, 1974. On that date Claimant received a call from Shempf to pick up a load of material for Dennis Trucking Co. (Defendant). While at the loading dock preparing to load his truck in accord with his instructions from Shempf, Claimant sustained a fracture of the right patella while lifting the steel binder from the trailer.

Claimant filed for workmen's compensation benefits against both Shempf and the Defendant. After a hearing, the referee denied the claim on two grounds: (1) Claimant failed to prove that he was the employee of either Shempf or of the Defendant; and (2) Claimant failed to give timely notice of his injury to either Shempf or the Defendant.

Claimant appealed to the Workmen's Compensation Appeal Board (Board) from the referee's determination of non-liability with respect to the Defendant only. The Board affirmed the referee's holding that the facts of the case were closely analogous to those in the case of *J. Miller Co. v. Mixter,* 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971), where this Court determined that the claimant was an independent contractor.

Our scope of review is set forth in Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.44.[1] After a careful review of the record, we hold that the Claimant has not met his burden of proving an employer-employee relationship with the Defendant on the date in question. It appears that the only indicia of an employment relationship was the fact that the Defendant would have told the Claimant when and where to deliver the materials had he been able to load them on his truck. In all previous assignments of this nature, Claimant was paid by Shempf on a commission basis, he determined his own routes of travel and he controlled the means of accomplishing the delivery of goods. The decision in *J. Miller Co. v. Mixter, supra,* clearly is controlling. We affirm.

ORDER

AND Now, this 24th day of January, 1979, the order of the Workmen's Compensation Board, dated September 1, 1977, affirming the referee's denial of benefits is affirmed.

---

[1] Repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1244]. A similar provision is now found at 2 Pa.C.S. §704.