606 A.2d 648

**William McGARRY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (James D. MORRISSEY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 18, 1991.

Decided March 27, 1992.

596

Robert Glazer, for petitioner.

Deborah A. Mattei, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

DOYLE, Judge.

William McGarry appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's denial of benefits.

On September 3, 1987, while working as a construction laborer for James D. Morrissey (Employer), McGarry alleges that he felt a sharp pain in his spine as he was shoveling dirt. McGarry was off work from September 4, 1987 to September 8, 1987; he returned to work on September 9, 1987, and continued working until December 19, 1987, when he was laid off. McGarry was called back to work on March 9, 1988. He allegedly experienced a second episode of back pain on March 21, 1988, as he was unloading steel objects from a truck.

On April 14, 1988, McGarry filed a workmen's compensation claim alleging that he sustained an injury to his back which rendered him totally disabled. McGarry testified before the referee and introduced the report of his physician, Dr. Mark Lester, and the report of another physician, Dr. Walter Finnegan, who had performed an independent medical examination. The medical reports of both physicians concluded that McGarry had a herniated disc in the lumbar region of his spine on the right L4–5; both physicians further concluded that the herniated disc was related to McGarry's injury on September 3, 1987, and was aggravated on March 21, 1988. Both physicians also indicated

that McGarry had had surgery on his spine in 1980 to repair damage to the left L5–S1 area due to a prior non-work-related injury. The medical reports were admitted into evidence without objection. Employer presented no witnesses, testimony or other evidence at either hearing. On October 5, 1989, the referee filed a decision denying McGarry's claim.

The referee made the following findings of fact:

1. The referee has reviewed the Claimant's testimony and finds that on September 3, 1987 and again on March 21, 1988, Claimant experienced pain in his back radiating down his right leg while in the course and scope of his employment with the Defendant.

2. The referee *rejects* Claimant's testimony that ever since his 1980 laminectomy, Claimant has not had any problems with his back. (Emphasis added.)

3. The referee *rejects* the opinion of Dr. Mark C. Lester, Claimant's medical expert whose opinion it was that Claimant's present herniated disc was the result of Claimant's September 3, 1987 and March 21, 1988 work injury. (Emphasis added.)

4. The referee finds that any disability the Claimant has is not work related, is not the result of an aggravation of a preexisting condition, or a new injury but is the recurrence of a non-work-related injury sustained in 1980.

The referee also made the following conclusions of law:

2. The Claimant has failed to meet his burden of proving with substantial competent medical evidence that the pain experienced on September 3, 1987 and March 21, 1988 were the result of a work related injury.

3. Where a Claimant sustains an injury and subsequent disability which is not an aggravation of a pre-existing condition or a new injury, but is a recurrence of an old non-work-related injury, Defendant is not liable for Claimant's subsequent disability.

McGarry contends (1) that the referee capriciously disregarded uncontradicted medical evidence establishing that

his injury was work related, and (2) that the referee committed an error of law by failing to consider in his opinion the medical report of Dr. Finnegan.

 In situations such as this one where the party with the burden of proof is the only party to present evidence and loses, our scope of review is limited to determining whether the referee capriciously disregarded competent evidence or committed legal error or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988); *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).[1] Capricious disregard is defined as a willful, deliberate disbelief or disregard of testimony or evidence from an apparently trustworthy source which a person of reasonable intelligence could not possibly challenge. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 223, 399 A.2d 444 (1979).

 When the party with the burden of proof is the only party to present evidence and loses, we must first examine the record to determine if the burdened party presented sufficient evidence as a matter of law[2] to meet his burden. *Kirkwood.* If the burdened party did not present sufficient evidence, the agency decision will be affirmed. *Id.* However, when the burdened party has presented sufficient evidence as a matter of law and has failed to prevail, this Court must then determine if the adverse ruling stemmed from a credibility determination against the burdened party. When specific credibility de-

---

**1.** In situations where both parties present evidence before the fact finder, we are directed by the Administrative Agency Law to affirm the adjudication unless we find that an appellant's constitutional rights were violated, or that an error of law was committed, or that the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**2.** The term "sufficient evidence as a matter law" means that the evidence of the burdened party, if believed, establishes all the elements of the cause of action. *Kirkwood.*

terminations appear in the findings of fact, we may affirm on the ground that the burdened party failed to persuade the fact finder; that the burdened party and his/her witnesses and evidence were simply not credible and should not be believed. *Id.* When specific credibility determinations do not appear on the record, however, ordinarily we will vacate and remand for specific credibility findings and an explanation of the decision. *Id.* If we determine that the adjudication contains an error of law, we will reverse. *Id.*

In the instant case, we hold that McGarry presented sufficient evidence as a matter of law to meet his burden. A workmen's compensation claimant is required to establish that he/she was injured in the course of employment and that the injury was related thereto. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). McGarry testified that he experienced severe back pain while working for Employer and introduced, without objection,[3] two unequivocal physician's reports which concluded that he sustained a spinal disc injury in the course of his employment. Clearly, this evidence, if believed, would constitute sufficient evidence to support McGarry's claim.

Following the *Kirkwood* analysis, we next examine the record to determine whether the referee found that the evidence presented was credible or not. The referee in his findings of fact stated that he "rejects" McGarry's testimony that since 1980 McGarry had no problems with his back, and the referee further stated that he "rejects" the expert opinion of Dr. Mark Lester. The term "rejects" is nebulous; it is unclear whether the referee found the evidence in question not credible and that the claimant and his witnesses were not telling the truth, or had some other meaning in mind.[4] The referee never explained *why* he rejected not

3. An unobjected to medical report is competent evidence. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board,* 34 Pa.Commonwealth Ct. 519, 383 A.2d 999 (1978).

4. Employer, operating on the premise that the referee did not believe the testimony of McGarry and Dr. Lester's medical report, argued that the referee found the medical report was not credible because it was based on McGarry's testimony found not credible. Employer relies

only McGarry's testimony, but the unobjected to testimony of a qualified physician, and why he ignored the testimony of a second qualified physician.

The report of Dr. Finnegan unequivocally stated that McGarry's back pain was caused by an injury sustained while working for Employer.[5] This evidence was also sufficient as a matter of law to sustain McGarry's burden. Dr. Finnegan's report is not mentioned in the referee's findings at all, thus we do not know whether it was overlooked or found not credible. In *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975), the Pennsylvania Supreme Court stated that:

> An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level.

464 Pa. at 287, 346 A.2d at 561.

■ When a referee makes vague findings of fact or fails to make credibility determinations, the case is normally remanded to the referee. *Kirkwood.* However, under the facts of this case a reversal, not a remand, is required.

■ Generally, a referee is not required to accept even uncontradicted testimony as true, *Adamo v. Workmen's Compensation Appeal Board (Jameson Memorial Hospital)*, 87 Pa.Commonwealth Ct. 207, 486 A.2d 1065 (1985),

on *Butler v. Workmen's Compensation Appeal Board (Commercial Laundry, Inc.)*, 67 Pa.Commonwealth Ct. 393, 447 A.2d 683 (1982). In the present case, however, *Butler* cannot apply since the referee *accepted* McGarry's testimony describing how his injury occurred. In the first finding of fact the referee found specifically that "claimant experienced pain in his back radiating down his right leg while in the course and scope of his employment" on September 3, 1987 and on March 21, 1988; thus, Dr. Lester did not base his medical opinion on testimony found not credible.

5. Employer argues that the referee found Dr. Lester's report was not credible, and, because Dr. Finnegan's report reached the same conclusion as Dr. Lester's, the referee must have also found that Dr. Finnegan's report was not credible. Even, assuming that the referee disbelieved Dr. Lester's report, this Court would not infer that the referee also found Dr. Finnegan's medical report not credible. *Kirkwood.*

and when a referee properly rejects the testimony of a claimant's witnesses, the referee may decline to make an award, even though the employer has offered no evidence. *Petyak v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 159, 435 A.2d 669 (1981). In this case, however, we feel constrained to hold that the referee improperly rejected the testimony of Dr. Lester and, therefore, capriciously disregarded competent medical evidence. In *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987), our Supreme Court wrote that:

> At the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence. (Emphasis deleted.)

515 Pa. at 324, 528 A.2d at 584–85. Here, the referee found as fact that McGarry experienced back pain while in the course and scope of his employment. The referee stated in his findings of fact that:

> The referee has reviewed the claimant's testimony and finds that on September 3, 1987, and again on March 21, 1988, claimant experienced pain in his back radiating down his right leg while in the course and scope of his employment with the defendant.

The referee, however, rejected the uncontradicted medical opinion of Dr. Lester *supporting* this finding. Our review of the evidence of record reveals nothing which could explain why the referee decided to accept McGarry's testimony that he experienced back pain on the job, and then decided to reject uncontradicted medical evidence supporting that testimony. Hence, because we cannot discern any rational basis in the evidence of record which could explain the referee's rejection of Dr. Lester's testimony, we must conclude that the referee capriciously disregarded competent evidence.

 Moreover, it is plain that under the facts of this case McGarry did not need to present *any* medical testimo-

ny to establish a causal connection between his back injury and his employment. The referee reviewed McGarry's testimony and found that he experienced two episodes of back pain while working for Employer. McGarry was shoveling dirt when the first episode of pain occurred and was lifting heavy steel objects when the second episode of pain occurred. In such a case where a back injury immediately manifests itself while the claimant is performing heavy work which could cause the alleged injury medical opinion testimony is not required to establish the causal relationship. *Davis v. Workmen's Compensation Appeal Board (United Parcel Service)*, 92 Pa.Commonwealth Ct. 294, 499 A.2d 703 (1985). Thus, because the facts found by the referee demonstrate an obvious connection between McGarry's back injury and his employment, no medical testimony was necessary for McGarry to establish that his back pain was the result of a work-related injury. *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979).

■ Further, the referee's finding "rejecting" McGarry's testimony that his back has not hurt him since his 1980 laminectomy is irrelevant, because a claimant is eligible for compensation regardless of his previous physical condition. Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1). The fact that an employee suffered from a preexisting physical defect which rendered the employee more susceptible to injury than a normal person will not bar recovery. *Halaski.* Hence, no remand for clarification of this finding is required.

Last, the referee could not have concluded from the evidence before him that McGarry's condition was a recurrence of a non-work-related injury sustained in 1980. Reviewing the evidence before the referee, both physicians stated that McGarry had a herniated disc *on the right L4-5* and that that injury was directly connected to McGarry's employment. The 1980 injury, on the other hand, was *on the left L5-S1*, which is positioned below the L4-5. This evidence is augmented by McGarry's testimony, accepted by

the referee, that he experienced pain in his back while performing shoveling and heavy lifting. There was simply *no* evidence of any sort in this record which could support the referee's conclusion that McGarry suffered a recurrence of his 1980 injury. As we previously stated, unless a referee's rejection of evidence has some rational basis in the evidence of record, that rejection constitutes a capricious disregard of competent evidence. *Farquhar.* Accordingly, we hold that the referee's groundless "rejection" of the evidence of record in this case demonstrates a capricious disregard of competent evidence.

Reversed.

## ORDER

NOW, March 27, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

PALLADINO, Judge, dissenting.

I respectfully dissent because I would hold that a referee's rejection of a witness's testimony constitutes a referee's determination that the witness's testimony is not credible.

In innumerable workmen's compensation opinions, the appellate courts of Pennsylvania have consistently referred to a referee's acceptance or rejection of a particular witness's testimony as the referee's evaluation of that witness's credibility. Typical of these opinions are *Gateway Coal Co. v. Workmen's Compensation Appeal Board (Laboda)*, 138 Pa.Commonwealth Ct. 332, 588 A.2d 73 (1991), *petition for allowance of appeal denied*, 528 Pa. 633, 598 A.2d 286 (1991), and *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa.Commonwealth Ct. 590, 377 A.2d 1007 (1977).

In *Gateway Coal Co.*, the commonwealth court observed that the "referee explicitly accepted claimant's medical testimony" and that the "referee, as the judge of credibility,

may accept or reject, in whole or in part, any testimony of any witness, including medical witnesses." *Id.* 138 Pa.Commonwealth Ct. at 335–36, 588 A.2d at 75. In *American Refrigerator Equipment Co.*, the commonwealth court declared:

> Questions of credibility and the choice between conflicting testimony are for the referee, not this Court.... Among such questions are those arising from a witness' inconsistent testimony ..., as well as from conflicting testimony of two or more witnesses. Having assessed the credibility of such evidence, the referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part.*

*Id.* 31 Pa.Commonwealth Ct. at 595, 377 A.2d at 1010 (emphasis in original).

Thus, Pennsylvania's appellate courts have long understood a referee's acceptance of a witness's testimony as the referee's determination that the witness is credible and, conversely, have long understood a referee's rejection of a witness's testimony as the referee's determination that the witness is not credible. This understanding is appropriate given that The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031, does not detail the format in which a referee's decision must be rendered other than to say that a referee's decision must be in writing and contain findings of fact, conclusions of law and an appropriate order based upon the entire record before the referee. *See* 77 P.S. § 833 and the accompanying regulation at 34 Pa.Code § 131.111. Inasmuch as the Act does not prescribe any formulaic language which must be incorporated into a referee's decision, any attempt by the judiciary to insist that a referee use the word "credible" rather than the word "accept" or use the word "incredible" rather than the word "reject" results in impermissible supererogation, i.e., requiring the referee to do more than is statutorily mandated.

Therefore, I would conclude that the referee's explicit rejection of parts of McGarry's testimony and of the medi-

cal testimony presented on behalf of McGarry constituted the referee's determination that such testimony was not credible.

I now consider McGarry's contention that the referee's rejection of the medical testimony presented on McGarry's behalf was premised on the referee's capricious disregard of competent evidence of record. The capricious disregard "scope of review involves more than mere disbelief of a witness or other competent evidence: it involves such deliberate disbelief of the undoubted testimony or evidence from an apparently trustworthy source as would be repugnant to a man of reasonable intelligence." *Kuchinski v. Workmen's Compensation Appeal Board*, 38 Pa.Commonwealth Ct. 210, 212, 392 A.2d 348, 349 (1978). "Capricious disregard of competent evidence is the willful, deliberate disbelief of an apparently trustworthy witness, *whose testimony one has no basis to challenge.*" *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 616 n. 2, 587 A.2d 49, 51 n. 2 (1991) (emphasis added), *petition for allowance of appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991).

Generally, a referee is not required to explain the basis for his credibility determinations. *Jeddo Highland Coal Co. v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 151, 416 A.2d 655 (1980). However, where the party with the burden of proof fails before the referee, Pennsylvania's appellate courts have reasoned that, although a referee is not required to "accept even uncontradicted evidence, ... where there is no challenge to the credibility of [a] witness or apparent any reason for disbelief, absent an indication of a basis upon which the referee chose to question [a claimant's] statements and ignore [the claimant's treating physician's] testimony, or some scintilla of evidence supporting the referee's conclusions," the referee has capriciously disregarded the competent evidence of record. *Beth–Allen Ladder Co. v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 323, 329, 417 A.2d 854, 858 (1980).

McGarry testified that, in 1980, he underwent a laminectomy in order to try to relieve pain caused by a back injury that was not employment-related and was therefore not compensable under the Act. Additionally, McGarry testified that, while in the scope of his employment with Employer, he experienced pain in his back on two occasions: September 3, 1987 and March 21, 1988. Based on this testimony, the referee was free to find that McGarry's obvious bias and interest rendered incredible McGarry's testimony about the onset of back pain/problems and the nonrecurring of pain/problems stemming from the 1980 back injury and laminectomy. While the reason for the referee's disbelief of McGarry's testimony was apparent from the record, the referee nevertheless also chose to articulate his reason for rejecting McGarry's testimony. *Beth–Allen Ladder Co.* The referee's fact-findings 2 and 4, as well as the referee's legal conclusion 3, explain that the referee disbelieved the self-serving statement of McGarry that he had not experienced any recurrent pain or problems as a result of his 1980 back injury and laminectomy. Consequently, I would hold that the referee did not capriciously disregard McGarry's testimony about the onset of back pain and problems.

McGarry testified that Dr. Lester became his treating physician on April 29, 1988. R. 18a. Thus, Dr. Lester had no firsthand knowledge of the condition of McGarry's back between 1980 and April 29, 1988. Dr. Lester's medical opinion regarding the cause of the pain in McGarry's back on September 3, 1987 and March 21, 1988 was necessarily premised on the patient history supplied by McGarry, i.e., McGarry's recitation as to when and under which conditions he experienced back pain/problems. Based on this testimony, the referee was free to find that Dr. Lester's medical opinion concerning the cause of McGarry's back pain was incredible because Dr. Lester's medical opinion necessarily rested on the accuracy or inaccuracy of McGarry's statements about the onset of back pain and the nonrecurrence of pain/problems stemming from the 1980 back injury.

608

Because the reason for the referee's disbelief of Dr. Lester's testimony was apparent from the record, *Beth–Allen Ladder Co.*, I would hold that the referee did not capriciously disregard Dr. Lester's testimony about the cause of McGarry's September 3, 1987 and March 21, 1988 back pain/problems.

For these reasons, I would affirm the Board's order upholding the referee's denial of benefits to McGarry.

SMITH, J., joins in this dissent.