615 A.2d 993

Ronald TOMCZAK, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(PRO–AIRE TRANSPORT, INC.), Respondent.

PRO–AIRE TRANSPORT, INC., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (TOMCZAK), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1992.

Decided Sept. 10, 1992.

Michael D. Schaff, for petitioners.
Audrey L. Jacobsen, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Ronald Tomczak, the claimant, and Pro–Aire Transport, Inc., the alleged employer, have each appealed an order of the Workmen's Compensation Appeal Board (the Board) which affirmed a decision of the referee denying the claimant benefits.

The claimant, an owner of a tractor, was hauling goods for Pro–Aire, an interstate common carrier, when he was injured in April of 1987. At that time, he was assisting in the loading of Pro–Aire's trailer when he was struck by a fork-lift operated by an employee of General Foods, a customer of Pro–Aire. The injury occurred at a plant of General Foods located in Hazleton, Pennsylvania. The claimant continued to drive for approximately six weeks despite continuing increasing pain. During that period, the claimant was treated by a number of physicians; in July of 1987, he was referred to Dr. Merylee E. Werthan, a board certified neurological surgeon. After extensive examination, Dr. Werthan operated on the claimant in August of 1987 to remove a herniated disc. Dr. Werthan testified that she believed the herniated disc was caused by the incident when the claimant was struck by the fork-lift; she also offered the opinion that the claimant's injuries prevented him from engaging in cross-county truck driving and the heavy lifting involved in the loading of the trailer. While Pro–Aire cross examined Dr. Werthan, it did not present any medical evidence.

The claimant also testified before the referee. In addition to describing his injury, surgery and the problems which resulted therefrom, he testified concerning his relationship with Pro–Aire. He testified that Pro–Aire's logo was on his tractor and that he registered the tractor in Pro–Aire's name while retaining title to the vehicle himself. Pro–Aire also designated his travel routes, required him to call in to its dispatcher on a daily basis and secured all of the loads which the claimant hauled. The claimant testified that he was paid

on the basis of a percentage of each load hauled. John Vance and Mildred Vance, the co-owners of Pro–Aire also testified in an attempt to show that the claimant was an independent contractor with, rather than an employee of, Pro–Aire. Both testified that the claimant established his own routes. Furthermore, Mrs. Vance testified that Pro–Aire did not hire truck drivers, acting instead as a truck broker. Mr. Vance also testified that the sole purpose of placing Pro–Aire's logo on the tractor was to comply with legal technicalities involved in interstate trucking. At the hearing, a document evidencing the agreement between the claimant and Pro–Aire was introduced which specifically stated that the claimant was an independent contractor and not an employee. The claimant testified that he was required to sign a number of documents at the time he signed on with Pro–Aire and that he never read the contract.

The referee specifically found the claimant to be credible in his description of his relationship with Pro–Aire. Based upon factual findings supported by the claimant's testimony, the referee concluded that an employment relationship existed between the claimant and Pro–Aire. Nonetheless, the referee made the following relevant factual findings:

10. The Referee finds that Claimant's injury on April 16, 1987 did not render him disabled and was not the cause of his subsequent herniated [disc] (sic) and subsequent disability.

11. The referee rejects the deposed expert medical testimony of Claimant's treating neurological surgeon, Dr. Merylee E. Werthan, who testified that as a result of Claimant's April 16, 1987 injury, Claimant sustained a herniated disc with nerve root pain into the right leg.

. . . .

14. The referee finds that any complaints and or disability were not causally connected to, or the result of, his alleged April 16, 1987 injury to his back.

(Referee's decision, 6/18/90). The referee went on to conclude that "[t]he claimant has failed to meet his burden of proving with substantial competent medical evidence that on April 16,

1987, or at any time while in [Pro–Aire's] employ, he sustained an injury which rendered him disabled." *Id.*

On July 13, 1987, the claimant appealed the June 20 decision of the referee to the Board. On July 25, 1987, Pro–Aire filed a protective cross appeal, alleging that the referee had erred in concluding that the claimant was a Pro–Aire employee. The Board affirmed, holding that the referee had rejected the claimant's medical evidence on credibility grounds. Because of that holding, the Board held that it was unnecessary to discuss Pro–Aire's appeal and the question of the claimant's status. The claimant filed his petition for review to this court on October 16, 1991 and Pro–Aire filed its cross petition for review nine days later.

■ The claimant first argues that the referee erred by capriciously disregarding the testimony of Dr. Werthan, relying upon our decision in *McGarry v. Workmen's Compensation Appeal Board (Morrissey)*, 146 Pa.Commonwealth Ct. 594, 606 A.2d 648 (1992). Before discussing this question, however, we must respond to Pro–Aire's argument that the capricious disregard standard is not applicable. As this court has pointed out in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987), that standard of review is applicable only where the party with the burden of proof is the sole party to present evidence yet loses before the factfinder. It is well settled that an injured employee seeking benefits via a claim petition is required to prove by unequivocal medical evidence, *inter alia,* that any disability was caused by a work related injury unless that relationship is obvious. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa.Commonwealth Ct. 202, 465 A.2d 132 (1983). Pro–Aire thus argues that it presented evidence before the referee, thus negating the applicability of the capricious disregard standard. We cannot agree. While Pro–Aire did present evidence on the question of whether the claimant was an employee or independent contractor, it presented no evidence on the medical questions involved in this case. We thus are compelled to review the question of whether the claimant met

his burden of proving a work related disability under the standard of capricious disregard.[1]

In *McGarry*, the injured employee offered medical evidence, in the form of two reports from different physicians, in support of his burden which *if believed* was sufficient to meet his burden of proof. The referee in that case denied the claim petition, "rejecting" the opinion of one of the doctors and failing to discuss the second. While recognizing the well accepted principle that a referee is the sole arbiter of credibility, the majority of this court refused to equate the referee's "rejection" of the claimant's medical evidence with a finding that the evidence was not believable. Because of this holding, we are required to conclude that the Board here erred in affirming the referee's denial of benefits when it held that the referee's rejection of Dr. Werthan's opinion was a credibility decision. While the "rejection" of evidence on the ground that the evidence is not credible is beyond our review, we cannot infer such a determination here.

We cannot agree with the claimant, however, that a reversal is mandated. In *McGarry*, the majority noted that "[w]hen a referee makes vague findings of fact or fails to make credibility determinations, the case is normally remanded to the referee." *Id.* at 601, 606 A.2d at 652. While the court held that the facts of *McGarry* negated the need for a remand, we believe the facts of the present case are distinguishable from *McGarry*, thereby requiring the normal remand.

In that case, the court pointed out that the referee in one instance made a factual finding that was supported by the medical evidence which he nonetheless "rejected". Furthermore, the majority pointed out that medical evidence was not necessary there to establish that the injury was work related; the claimant experienced pain in his back while doing heavy work. Relying upon *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979), the majority held that the causal

---

1. The employer argues that its cross-examination of Dr. Werthan was sufficient to negate the applicability of the capricious disregard standard. The employer offers no authority for this proposition and we reject it out of hand.

connection there was obvious. Finally, in *McGarry*, the referee made a specific finding that the injury was a recurrence of an old injury, a finding which found no support in the record. In fact, the record showed that the old injury was at left L5–S1 while the injury for which compensation was being sought was at right L4–5. In the present case, none of these oddities are present. There was no obvious causal connection between being struck by a fork lift and a herniated disc. Furthermore, the referee here did not attempt to attribute the disability to some non work related incident; he merely found that the disability was *not work related*, a finding which could be supported if the referee in fact meant to state that he did not believe Dr. Werthan's testimony on the crucial issue. Finally, there are no factual findings made by the referee which are supported by Dr. Werthan's testimony on causation. As we believe the present case is distinguishable from *McGarry*, we believe that a remand is the proper course to follow.

■ Pro–Aire has also filed an appeal to protect its claim that the referee erred in concluding that the claimant was its employee. The claimant has argued that Pro–Aire's initial appeal to the Board should be quashed because it was not filed within twenty days of the referee's decision as required by Section 423 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 853. We need not decide this question, however, as Pro–Aire's appeal to this court must be quashed for another reason. As we recently stated in *Mahanoy Area School District v. Budwash*, 146 Pa.Commonwealth Ct. 72, 76, 604 A.2d 1156, 1159 (1992):

> Generally only an 'aggrieved' party has standing to appeal. Pa.R.A.P. 501. Where a party is successful in the trial court, that party is not aggrieved and, therefore, has no standing to appeal. *Police Pension Fund Association Board v. Hess*, 127 Pa.Commonwealth Ct. 498, 503 n. 5, 562 A.2d 391, 394 n. 5 (1989). We have specifically stated that '[m]ere disagreement with the ... legal reasoning [of the tribunal whose order is being reviewed] ... does not confer standing [to appeal]....' *Middletown Township v. Penn-*

*sylvania Public Utility Commission,* 85 Pa.Commonwealth Ct. 191, 210, 482 A.2d 674, 685 (1984).

Just as in that case, Pro–Aire simply was not aggrieved by the order of the Board which affirmed the referee's denial of the claimant's claim petition. Therefore, its appeal must be quashed.

■ Having quashed the appeal, we may nonetheless proceed to discuss the question. As Pro–Aire presented this issue to both the Board and this court in its briefs to each tribunal, it has done all that is required to preserve the question. Furthermore, if the claimant was not an employee of Pro–Aire, we would not have to remand as Pro–Aire would prevail on that ground. We do not believe that the referee erred in concluding that the claimant was an employee of Pro–Aire.

The referee made the following relevant findings of fact on this question.

2. The Referee finds that the Claimant was the owner of a tractor and pursuant to an equipment contract, began hauling goods for Defendant who is an inter-state common carrier.

3. The Referee finds that the Defendant's logo appeared on Claimant's tractor and on Defendant's trailer, and that before Claimant began hauling for Defendant, he had to register his tractor in Defendant's name and did in fact have the tractor's license plate changed to an Arizona license in the name of the Defendant, although Claimant retained title to his vehicle.

4. The Referee finds that Defendant designated the travel routes Claimant was to use, required Claimant to call in daily, and to keep a log of his trips.

5. The Referee finds that the equipment contract provided that before Claimant could haul for any other carrier, he had to first clear with or satisfy his obligations to Defendant.

6. The Referee finds that although the equipment contract required Claimant to obtain workmen's compensation insur-

ance the Defendant's general manager answered Claimant that Defendant would 'take care of the insurance.'

7. The Referee finds that all loads hauled by Claimant were secured by Defendant and were in fact customers of Defendant.

. . . .

16. The Referee rejects the testimony of Mildred Vance, co-owner of Defendant's company, who testified that Pro–Aire Transport does not hire truck drivers but is a truck broker, and that 'the owner-operator' i.e., Claimant established his own route.

17. The Referee rejects the testimony of John Vance, Defendant's co-owner and Chief Executive Officer, who testified that the purpose of placing Pro–Aire Transport decals, logos and license plates on Claimant's tractor was to identify the 'particular power unit,' and that 'the owner-operator' i.e., Claimant established his own routes.

(Referee's decision, 6/18/90).

■ The burden of proving that a claimant is an employee is on the claimant. *J. Miller Co. v. Mixter*, 2 Pa.Commonwealth Ct. 229, 277 A.2d 867 (1971). Except for the two findings of fact rejecting the testimony of the two co-owners, the other findings of fact are based upon the claimant's own testimony. Furthermore, it is important to note that Pro–Aire does not allege that these findings lack support in the record. Based upon these findings, we are persuaded that the claimant was an employee of Pro–Aire.

■ While cases of this type are decided on a case by case basis, a crucial element in any decision involves "whether the alleged employer had the right to control the work to be done and the manner in which the work is performed." *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board (Michalovicz)*, 61 Pa.Commonwealth Ct. 469, 472, 434 A.2d 228, 229 (1981). Each side offers two cases as support for their respective positions.

The employer argues that this case is controlled by *Mixter* and *Douglas v. Workmen's Compensation Appeal Board*

*(Dennis Trucking Co.)*, 40 Pa.Commonwealth Ct. 101, 396 A.2d 882 (1979). In both of those cases, we concluded that the injured claimant was an independent contractor. In the latter case, we stated:

> It appears that the only indicia of an employment relationship was the fact that the Defendant would have told the Claimant when and where to deliver the materials had he been able to load them on his truck. In all previous assignment of this nature, Claimant was paid ... on a commission basis, he determined his own routes of travel and he controlled the means of accomplishing the delivery of goods.

*Id.* at 103, 396 A.2d at 883. Similarly, in *Mixter* we pointed out that "the only instructions that the claimant ever received from the defendant carrier were where to load and unload the cargo that was to be hauled." *Id.* at 236, 277 A.2d at 871. It is obvious that Pro–Aire exerted a much higher level of control over the claimant than did the carrier in either *Mixter* or *Douglas.* For that reason, those cases are distinguishable. Rather, our facts are much closer to those in *North East Express, Inc. v. Workmen's Compensation Appeal Board (Woytas)*, 77 Pa.Commonwealth Ct. 255, 465 A.2d 724 (1983) which is relied upon by the claimant. In that case the trailer alone was emblazoned with the carrier's name. Furthermore, even though the carrier did not chose the claimant's route, we pointed out that the claimant was given a specific time frame in which to make the delivery. We believe that Pro–Aire exercised greater control over the claimant than did the carrier in *North East* and in that case we held that the driver had proven that he was an employee. Thus, on the facts as found by the referee, we must conclude that the claimant was an employee of Pro–Aire.

DOYLE, J., concurs in the result only.

## ORDER

### No. 2215 C.D. 1991

NOW, September 10, 1992, the September 19, 1991 order of the Workmen's Compensation Appeal Board at No. A90–1603

is vacated and the matter is remanded for the referee to explain why he rejected the testimony of the medical expert offered by Ronald Tomczak.

Jurisdiction relinquished.

## ORDER

### No. 2269 C.D. 1991

NOW, September 10, 1992, the appeal in the above captioned matter is quashed.