### DANA CORPORATION, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (HOLLYWOOD), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided Jan. 28, 1998.

Karen S. Norris, Scranton, for petitioner.

Lester Krasno, Pottsville, for respondent.

Before COLINS, President Judge,
FRIEDMAN, J., and RODGERS, Senior
Judge.

RODGERS, Senior Judge.

Dana Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) denying Employer's termination petition. We affirm.

On June 5, 1992, Patrick Hollywood (Claimant) sustained a work related injury when a steel bar measuring approximately ten inches wide by fifteen feet long struck his right knee. Claimant returned to a light duty position with a loss of earnings and receives partial disability. On October 26, 1994, Employer filed a termination petition alleging that Claimant was completely recovered from the work injury. Claimant filed a timely answer and the case was assigned to the WCJ.

Employer presented the deposition testimony of John C. Dethoff, M.D., a board-certified orthopedic surgeon, who treated Claimant from June 12, 1992 through September 25, 1992. Dr. Dethoff testified that Claimant's prior medical history included surgery to remove the medial meniscus of the right knee. He stated that x-rays revealed degenerative arthritis of the knee, which he attributed to the previous surgery.

Dr. Dethoff testified that Claimant initially presented with swelling and accumulation of fluid on the right knee, which he treated by aspirating the fluid and injecting medication into the knee. He stated that Claimant's condition had improved as of July of 1992, although Claimant continued to experience pain. Dr. Dethoff opined that while Claimant's work injury had aggravated his pre-existing condition, the aggravation had resolved and Claimant's present symptoms stemmed from his pre-existing degenerative arthritis.

Stephen Smith, M.D., board-certified in orthopedic surgery, also testified on Employer's behalf. Dr. Smith stated that x-rays taken in June of 1992 revealed significant osteoarthritis in Claimant's right knee. He testified that Claimant's work injury caused an aggravation of his pre-existing condition in the form of traumatic synovitis (swelling with fluid). Dr. Smith examined Claimant on September 22, 1994, and found a significant deficit in strength measurement of Claimant's right quadricep. He explained that this type of deficit results from disuse and could occur over a period of three to four months. However, he opined that the aggravation resulting from Claimant's work injury had resolved after approximately two months. Dr. Smith diagnosed Claimant as suffering from severe medial compartment osteoarthritis of the right knee as a direct result of the prior surgery.

Claimant testified that he had surgery on his knee approximately twenty years earlier and missed several months of work thereafter. Claimant believed that his knee had completely recovered when he returned to work following the surgery. He stated that he had no further problems with his knee until after the incident on June 5, 1992. Claimant testified that he continues to suffer pain and weakness in his right knee, that he continues to take pain medication and that he wears a leg brace he received from Dr. Smith to provide support. Claimant testified that he cannot return to his pre-injury duties, which require moving and lifting and strain on his leg.

The WCJ found that Claimant's work injury aggravated his underlying arthritic condition. He found that Claimant first began experiencing significant symptoms following the June 5, 1992 injury, which symptoms continue. The WCJ further found that neither medical witness sufficiently or convincingly explained that Claimant's symptoms were totally unrelated to the work injury. The WCJ rejected the doctors' opinions that Claimant had completely recovered from that injury as well as the doctors' conclusions that

Claimant's present condition is solely due to his underlying arthritis. Concluding that Employer failed to meet its burden of proof, the WCJ dismissed Employer's termination petition.

Employer appealed to the Board, arguing that the WCJ erred in capriciously disregarding uncontradicted medical testimony without adequate explanation. Relying on *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson)*, 145 Pa. Cmwlth. 630, 604 A.2d 1127 (1992), the Board determined that the application of the capricious disregard standard was not proper, as Claimant had testified regarding pain and weakness in his knee. The Board concluded that the WCJ's decision was supported by substantial evidence and affirmed.

On appeal to this Court, Employer argues that the Board erred by failing to apply the capricious disregard standard of review where Employer was the only party to present medical evidence regarding the cause of Claimant's disability.[1] Employer maintains that our decision in *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire Transport, Inc.)*, 150 Pa.Cmwlth. 431, 615 A.2d 993 (1992) is controlling and that the present case is distinguishable from *Victor's Jewelers*.

In *Tomczak*, the issue on appeal was whether the claimant had met his burden of proving a work-related disability. The claimant testified on his own behalf and presented the testimony of his treating physician. The employer presented no evidence on medical issues, but offered testimony to prove that the claimant was an independent contractor. The referee concluded that an employment relationship existed, but rejected the claimant's medical testimony and denied benefits. The Board affirmed, concluding that the referee had rejected the claimant's medical evidence on credibility grounds.

On appeal, the *Tomczak* court held that the capricious disregard standard was applicable because the claimant bore the burden of proof, the employer had presented no evidence on the medical questions involved, and yet the claimant was denied benefits. The court further concluded that the Board erred in affirming the referee's decision, stating that a credibility determination cannot be inferred from the mere "rejection" of evidence. Accordingly, the *Tomczak* court vacated and remanded for the referee to explain why he rejected the testimony of the claimant's medical expert.

In *Victor's Jewelers*, the employer brought a termination/modification petition and presented the testimony of several medical experts. The claimant testified that he experienced pain and numbness, but he presented no medical evidence. The referee accepted the claimant's testimony as credible, and he found that the employer's medical witnesses were unable to explain the cause of the claimant's symptoms. The referee dismissed the employer's petition and the Board affirmed. The *Victor's Jewelers* court held that because the claimant had offered evidence on the relevant issue the capricious disregard standard did not apply. The court also noted that the fact-finder is free to give more credence to a claimant's testimony than to a doctor's testimony. *See Id.* 604 A.2d at 1128.

In the present case, there was no dispute that Claimant continues to suffer pain and weakness in his right knee. The only issue before the WCJ was whether Claimant's current symptoms were causally related to the work injury. Clearly, Claimant's testimony regarding his improvement after surgery and his symptoms following the

---

1. Where the burdened party is the only party to present evidence and does not prevail before the agency, the scope of appellate review is whether the agency erred as a matter of law or capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). Capricious disregard of competent evidence is the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge. *CRL of Maryland v. Workmen's Compensation Appeal Board (Hopkins)*, 156 Pa.Cmwlth. 441, 627 A.2d 1238 (1993), *petition for allowance of appeal denied*, 537 Pa. 627, 641 A.2d 591 (1994). Stated otherwise, the WCJ's rejection of evidence must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of the underlying principles of law. *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987).

work injury constitutes evidence on this issue, distinguishing the facts of this case from *Tomczak,* and, therefore, the capricious disregard standard does not apply.

However, Employer also asserts that Claimant was not competent to testify on the issue of causation. Relying on *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin),* 102 Pa.Cmwlth. 528, 518 A.2d 1316 (1986), Employer argues that because Claimant presented no medical evidence, the rationale in *Tomczak* still applies. We disagree.

In *Hilton,* a claimant sought payment of medical expenses for treatment of depression allegedly resulting from a work-related injury. The issue was whether the lay testimony of the claimant and her husband, along with the non-expert testimony of her therapist, was sufficient to support an award. The *Hilton* court noted that such testimony would be sufficient where the claim is for an injury which immediately and directly or naturally and probably results from a work incident. However, the *Hilton* court concluded that there was no obvious connection between the claimant's psychological disorder and her work injury (a lumbosacral strain) and that unequivocal medical testimony was necessary to establish causation.

■ Here, the causal connection between Claimant's injury at work and the immediately resulting disability is obvious; the dispute involves only the duration of disability causally related to that injury. Where current disability exists, the employer seeking to terminate benefits must prove an independent cause or the lack of a causal connection between the continuing disability and the work-related injury. *Battiste v. Workmen's Compensation Appeal Board*

*(Fox Chase Cancer Center),* 660 A.2d 253 (Pa.Cmwlth.1995). This burden is considerable because the work-related disability is presumed to continue until demonstrated otherwise. *Id.* Therefore, it was not necessary that Claimant present medical evidence to establish causation.[2]

■ Accordingly, we reject Employer's argument that the Board erred by failing to apply the capricious disregard scope of review. Where, as here, both parties have presented evidence, the appropriate scope of appellate review is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. *Volk v. Workmen's Compensation Appeal Board (Consolidation Coal Co.),* 167 Pa.Cmwlth. 75, 647 A.2d 624 (1994).

In dismissing Employer's petition, the WCJ found that Claimant continues to suffer symptoms related to his work injury and remains disabled from performing his pre-injury job duties as a result of that injury. In so finding, the WCJ found Claimant's testimony to be credible and persuasive; the WCJ also noted that both doctors agreed that Claimant was not malingering or exaggerating his symptoms. Although the WCJ found Employer's witnesses credible that Claimant's injury was an aggravation of his pre-existing arthritis, the WCJ specifically rejected their opinions as neither credible nor convincing that Claimant has completely recovered from that injury and that his current condition is due solely to the underlying arthritis. Thus, Employer failed to present *credible* evidence to overcome the presumption that Claimant's work-related disability continues.[3]

---

2. In *Hilton,* the court noted that its analysis would be different were it reviewing a termination petition and the claimant alleged continuing disability stemming from the original injury. Under those circumstances, the court explained, the burden would be on the employer to establish the lack of work-related causation. The burden never shifts to the claimant in a termination proceeding to establish a causal connection between his disability and his injury. *Battiste.*

3. In *Udvari v. Workmen's Compensation Appeal Board,* —— Pa. ——, 705 A.2d 1290 (1997), the

Supreme Court held that where a claimant complains of continued pain, the employer seeking a termination of benefits must present unequivocal medical testimony "that the claimant is fully recovered, can return to work without restrictions and that there are no objective or medical findings which either substantiate the claims of pain or connect them to the work injury. *If the WCJ credits this testimony,* the termination of benefits is proper." —— Pa. at ——, 705 A.2d 1293 (footnote omitted) (emphasis added).

■ We repeat a firmly established and fundamental principle of workers' compensation law: the WCJ is the final arbiter of witness credibility and the weight to be accorded evidence and may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Hills Dept. Store No. 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa. Cmwlth. 354, 646 A.2d 1272 (1994), *petition for allowance of appeal denied*, 540 Pa. 587, 655 A.2d 518 (1995); *McGarry v. Workmen's Compensation Appeal Board (Morrissey)*, 146 Pa.Cmwlth. 594, 606 A.2d 648 (1992), *petition for allowance of appeal denied*, 533 Pa. 620, 619 A.2d 701 (1993). This principle always applies, regardless of the appropriate scope of appellate review.[4]

Accordingly, we affirm.

### ORDER

NOW, January 28, 1998, the order of the Workers' Compensation Appeal Board, at No. A95–4386, dated June 18, 1997, is affirmed.

---

**4.** Where the capricious disregard scope of review is applicable, this Court must determine whether the adverse ruling stemmed from a credibility determination against the burdened party.

*McGarry*. When specific credibility determinations appear in the findings of fact, the Court may affirm on the ground that the burdened party failed to persuade the fact-finder. *Id.*