KEYSTONE COAL MINING
CORP., Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (WASNAK),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 2000.

Decided Aug. 1, 2000.

Paul E. Sutter, Pittsburgh, for petitioner.

Blair V. Pawloski, Ebensburg, for respondent.

Before McGINLEY, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Keystone Coal Mining Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed the decision by a workers' compensation judge (WCJ) that dismissed William Wasnak's (Claimant) claim petition for work-related hearing loss benefits for failing to file his petition within three years of exposure to hazardous occupational noise. We reverse and reinstate the WCJ's decision and order.

On July 22, 1996,[1] Claimant filed a claim petition alleging that he sustained a bilateral hearing loss caused by exposure to noise during the course of his thirty-two years of employment with Employer. Employer filed an answer denying the allegations. At a hearing before the WCJ, Claimant testified about his exposure to loud noise during the years he worked underground as a coal miner. He also testified that beginning on September 8, 1987, he began working as a lamp man until his retirement on September 27, 1994. Claimant explained that his job as a lamp man was performed at the mine site, but was not underground and that the noise exposure at that position was not as loud as he had experienced when he worked below ground.

---

1. Claimant filed his petition after the enactment of the hearing loss amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626. The hearing loss amendments are contained in Section 306(c)(8) of the Act, 77 P.S. § 513(8), and were added to the Act by the Act of February 23, 1995, P.L. 1 (Act 1).

Claimant submitted the deposition testimony of David R. Rogerson, M.D., a board-certified otolaryngologist, who examined Claimant on July 8, 1996. Dr. Rogerson testified that Claimant's exposure to noise while working as a coal miner was the predominate cause of Claimant's hearing loss, which measured 40% under the American Medical Association's (AMA) guidelines. He also acknowledged that age was a factor.

Employer presented the testimony of Richard L. Radakovich, Employer's manager of safety, who testified about noise studies performed at Employer's facility. Employer also entered into evidence the records of the noise studies, which revealed that the highest noise level to which a lamp man is exposed is 75 decibels. Employer also presented the deposition testimony of Sidney N. Busis, M.D., a board-certified otolaryngologist, who examined Claimant on October 28, 1996. Dr. Busis testified that some of Claimant's hearing impairment of 31.9% was caused by Claimant's early exposure in the mines, his military experience and hunting as a young man. However, Dr. Busis testified that in his opinion age and heredity were also factors that caused some of Claimant's hearing loss, although he had no information about Claimant's family history.

In his decision, the WCJ indicated that Employer asserted that Claimant was not exposed to hazardous occupational noise[2] while working as a lamp man. As a result, Employer contended that Claimant's petition was not timely filed pursuant to Section 306(c)(8)(viii) of the Act, 77 P.S. § 513(8)(viii),[3] i.e., Claimant began work as

a lamp man on September 8, 1987 and did not file his claim petition until July 22, 1996.

The WCJ found as fact that:

10. The testimony of Dr. Rogerson as to the cause of the employee's hearing loss is credible and persuasive. I accept and adopt this opinion in that I find as fact that the employee's exposure to noise while in the confined areas of coal mines is the predominate cause of his hearing loss....Age is a minor factor in the employee's hearing loss.

(WCJ's decision, p. 4). Despite this finding as to cause, the WCJ accepted as credible Dr. Busis' evaluation of 31.9% as representative of the extent of Claimant's hearing loss. The WCJ further found that:

12. The employee was not exposed to hazardous noise during his work as a lamp man. This finding is based upon several factors. All of this work was outside the mine. The employee did not operate machinery. Although he described noise from mining activities[,] these activities would not have been in process in the areas where he worked as they were described by him and, more completely, by Mr. Radakovich. He worked in wash houses, offices, and in areas where out-of-use miner's lamps were kept. The noise level studies to which Mr. Radakovich testified, although they were performed during very limited time periods, show within a reasonable degree of statistical certainty the noise levels to which a lamp man is exposed. The test results for different surface level jobs show a variance in

2. The Act defines hazardous occupational noise as "noise levels exceeding permissible noise exposures as defined in Table G–16 of OSHA Occupational Noise Exposure Standards, 29 CFR 1910.95...." Section 105.4 of the Act, 77 P.S. § 25.4 (added by Act 1). We further recognize that Section 306(c)(8)(x) of the Act, 77 P.S. § 513(8)(x), imposes on an employer the burden to prove as an affirmative defense whether a claimant has been exposed to hazardous occupational noise.

3. Section 306(c)(8)(viii) states:

(viii) Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupation noise in the employ of the employer against whom benefits are sought.

noise levels which ranges into hazardous exposure for some positions other than that of a lamp man. Finally, but equally important, the employee used his hearing aids rather than available hearing protection while he was working as a lamp man (hearing 9/13/96, tr. p. 18). Hearing aids would be contraindicated where there is hazardous noise.

13. The employee's last exposure to hazardous noise while he was employed by the employer occurred before September 8, 1987.

(WCJ's decision, p. 5). Accordingly, the WCJ concluded that although Claimant met his burden of proving that his hearing loss was caused by his exposure to noise at work, Claimant failed to file his claim petition within three years of his last exposure to hazardous occupational noise. Thus, the WCJ dismissed Claimant's petition.

On appeal to the Board, Claimant argued that the WCJ's findings with respect to Dr. Rogerson's testimony were inconsistent and contradicted the doctor's testimony. While recognizing that the WCJ is the determiner of credibility, the Board stated that its review encompasses the questions of competency and sufficiency of the evidence. The Board stated that although the WCJ accepted Dr. Rogerson's testimony as credible, the WCJ found Claimant's exposure to hazardous occupational noise ended when he became a lamp man in 1987. The Board determined that this finding contradicted the doctor's testimony, wherein he stated that Claimant's work as a lamp man contributed to the hearing loss. Therefore, the Board reversed the WCJ's denial of benefits and ordered benefits to be paid according to Dr. Busis' evaluation of a 31.9% impairment.

Employer now appeals to this Court,[4] and argues that the WCJ's findings were not contradictory. In particular, Employer notes that in Finding of Fact No. 10 the WCJ accepted the testimony of Dr. Rogerson regarding the *cause* of Claimant's hearing loss and specifically found that "the employee's exposure to noise while in the confined areas of coal mines is the predominate cause of his hearing loss." (Finding of Fact No. 10). Employer also contends that the WCJ made a distinction between Claimant's noise exposure in the mines and his noise exposure while working as a lamp man, but that the Board disregarded the WCJ's findings based on the testimony of Claimant and Mr. Radakovich in this regard.

■ We agree with Employer and "repeat a firmly established and fundamental principle of workers' compensation law: the WCJ is the final arbiter of witness credibility and the weight to be accorded evidence and may reject the testimony of any witness in whole or in part...." *Dana Corp. v. Workers' Compensation Appeal Board (Hollywood)*, 706 A.2d 396, 400 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 556 Pa. 696, 727 A.2d 1123 (1998).

The WCJ here clearly stated that he accepted Dr. Rogerson's testimony as to the *cause* of Claimant's hearing loss, attributing that loss to Claimant's work underground in the mines.[5] Although the WCJ did not state with specificity that he rejected Dr. Rogerson's testimony concerning Claimant's work as a lamp man, a perusal of the WCJ's decision based in part on Claimant's and Mr. Radakovich's

---

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *General Electric Co. v. Workers' Compensation Appeal Board (Rizzo)*, 737 A.2d 852 (Pa. Cmwlth.1999).

5. In fact Dr. Rogerson testified that he was unfamiliar with the lamp man job and formulated his opinion on the basis of his knowledge of noise levels in mines. In response to questions about the noise level studies introduced by Employer, the doctor further stated that any noise level readings below 80 decibels for eight hours should not be significant.

testimony reveals that he found the noise exposure in conjunction with the lamp man position not to be hazardous. Furthermore, after reviewing Dr. Rogerson's testimony, we conclude that the Board misconstrued the doctor's testimony and the WCJ's findings based on that testimony. Thus, we conclude that the WCJ's findings of fact are supported by substantial evidence and are not contradictory. The Board erred in so ruling.

■ Consequently, we hold that the WCJ correctly found that Claimant's exposure to hazardous occupational noise ended on September 8, 1987, and his petition filed in July of 1996 was time barred pursuant to the statute of limitations provision set out in Section 306(c)(8)(viii) of the Act. Accordingly, we reverse the Board's order and reinstate the WCJ's decision.[6]

### ORDER

NOW, August 1, 2000, the order of the of the Workers' Compensation Appeal Board, at No. A98–2913, dated January 18, 2000, is reversed.

---

6. Having ordered the reinstatement of the WCJ's decision, we need not address Employer's argument concerning the Board's reliance on Dr. Busis' testimony to support an award of benefits.