Donald Sandusky, Petitioner *v.* Workmen's Compensation Appeal Board (Chicago Bridge & Iron Co.), Respondents.

Submitted on briefs, November 15, 1984, to Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Joel Persky, Baskin and Sears, P.C.,* for petitioner.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for respondent, Chicago Bridge & Iron Co.

OPINION BY JUDGE ROGERS, February 21, 1985:

Donald Sandusky (claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's decision denying him benefits for his alleged total disability on the ground that he failed to meet his burden to prove that the incidence of the condition of which

he complained—aggravation of his genetic lung disease—was greater in the welding industry than in the general population, as required by Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(n).

The claimant was employed by the Chicago Bridge & Iron Company as a welder for seven years during which time he was exposed to carbon and copper dust, asbestos and argon. In 1978 he filed a claim petition, alleging that he was totally disabled as a result of a "chronic obstructive severe lung disease," described by his doctors as alpha-1 anti-trypsin deficiency, which is a genetic disease. The referee dismissed the claimant's petition because the claimant "failed to prove by competent, credible, and substantial evidence that he is totally and permanently or, in the alternative, partially disabled as the result of any occupationally acquired lung disease or any other disease related to his employment."

On January 3, 1980, the claimant filed an appeal with the board from the referee's decision, and on April 17, 1980, the claimant moved by petition to the board for leave to amend his claim petition, drawn inartfully by the claimant himself, so as to aver that he had suffered a compensable injury within the meaning of Section 301(c). In the same petition, the claimant asked for a remand to the referee. The board granted the remand to give the claimant an opportunity to meet the requirements set forth in *Plasteel Products Corporation v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 405, 379 A.2d 908 (1977), but took no action with respect to the amendment. In *Plasteel,* we concluded that the term "injury" when used in an occupational disease context includes occupation-related harm

which does not amount to a separate occupational disease. We also stated that:

> [A] claimant who does not suffer from an occupational disease, the occurrence of which can at least in part be attributed to the employer, may nevertheless demonstrate that he sustained a disease-like injury during his employment by proving that he was exposed to harm by reason of his employment and that the harm was occupational in nature.

32 Pa. Commonwealth Ct. at 409-10, 379 A.2d at 910. We then observed that:

> [W]here the occupational aspect of a disease is not already widely accepted, it may be established by proof that a disease is causally related to an industry or occupation and that the incidence of the disease is substantially greater in the industry or occupation than in the general population.

32 Pa. Commonwealth Ct. at 411, 379 A.2d at 911.

Following the remand, the referee issued another decision, finding that "[t]he inhalation of industrial dust such as carbon, copper, and asbestos would irritate and, therefore, aggravate this congenital disease, but what degree is conjectural. . . ." The referee again denied benefits and made the following pertinent conclusions of law:

> The claimant has failed to show by competent, credible, substantial, and unequivocal medical evidence that the aggravation of his genetic emphysema by his exposure to the gases and dust involved with electric arc welding was anything more than a contributing cause, along with other non-occupational lung irritants to his pulmonary disability . . . . and. . .

The claimant has failed to show by competent, credible, substantial, and unequivocal medical evidence that the genetic type emphysema, from which the claimant suffered, was substantially more prevalent in the occupation of electrical arc welders than in the general public and the facts are therefore distinguishable from the case of Plasteel Products Corporation v. Workmen's Compensation Appeal Board. . . .

The board affirmed the referee's order, concluding, as we first noted, that the claimant had not met his burden of establishing that the incidence of aggravation of genetic lung disease was greater in the welding industry than in the general population.

After the board issued its order, we handed down our decision in *Pawlosky v. Workmen's Compensation Appeal Board,* 81 Pa. Commonwealth Ct. 270, 473 A.2d 260 (1984). In *Pawlosky,* the claimant amended his claim petition from one filed under Section 108(n) of the Act to assert entitlement under the general compensation provisions of the Act. The claimant in *Pawlosky,* as the claimant here, sought workmen's compensation benefits for the aggravation of a preexisting respiratory disease, asthma. The referee found that the claimant's exposure to caustic substances during his employment had indeed aggravated the disease and caused the claimant to be totally disabled. The referee and the board dismissed the claim because the claimant had failed to establish that the incidence of his malady was substantially greater in his occupation than in the general population, as required by Section 108(n) of the Act. We held that the board erred in applying the standards of Section 108(n); and that the referee's findings established that the claimant had suffered a compensable injury,

defined in Section 301(c), 77 P.S. §411, as an "injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . ."

The referee in this case found that work-related gases and dust aggravated the claimant's preexisting lung disease to the point of total disability. The necessary conclusion is that the claimant would be entitled to compensation under *Pawlosky* if he had filed a claim under Section 301(c). As we have noted, the claimant sought to amend his petition to assert a claim under Section 301(c) and the board failed to respond to this application. We will here remand the matter to the board for it to act on the claimant's petition to amend, filed in April of 1980, and to make such findings as the law requires. In this connection, we are mindful that the board's rule at 34 Pa. Code §111.44 provides:

(a) Any petition, answer, appeal or other pleading in any matter pending before the Board may be amended before final action by the Board.

(b) Any petition which has been assigned by the Board to a referee, any answer thereto or other pleading, may be amended prior to the final conclusion of the hearings before the referee.

(c) Even though the pleading is not amended as provided in this section the referee or the Board may grant to the party such relief as he may be entitled to under all the evidence, even though relief may have been sought under a different and inappropriate section; however, if the Board or the referee is of the

opinion that the petition was not filed in good faith and that the petitioner knew, at the time of the filing of the petition, that he was not entitled to relief prayed for, the referee or the Board may dismiss the petition and refuse to grant relief until an appropriate petition is filed and proper proof is presented.

Order vacated; remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

### ORDER

AND Now, this 21st day of February, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and the record is remanded for the board to act on the claimant's petition to amend and further proceedings consistent with our accompanying opinion. Jurisdiction is relinquished.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.