508 A.2d 621

Cynthia McCullough and Michael McCullough, her husband, Petitioners *v.* Workmen's Compensation Appeal Board (Xerox Corporation, a corporation), Respondents.

Submitted on briefs March 13, 1986, to Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*John T. Tierney, III,* with him, *Roberta G. Willenkin, Tarasi, Tighe, Tierney & Johnson, P.C.,* for petitioners.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondent, Xerox Corporation.

OPINION BY JUDGE CRAIG, April 29, 1986:

Cynthia McCullough appeals an order of the Workmen's Compensation Appeal Board affirming a referee's dismissal of the claimant's petition for compensation under section 108(n) of The Pennsylvania Workmen's Compensation Act.[1] The board's order is affirmed.

The referee found that the claimant worked as a technical representative for Xerox Corporation begin-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(n).

ning August 27, 1979. Her duties included cleaning, repairing and maintaining photocopy machines. According to the words of the referee's finding, the claimant "missed" work from January 8, 1981 until December 6, 1981.

In March, 1981, the claimant's physician, Dr. Parkinson, had concluded that the claimant had sarcoidosis. The referee found credible the evidence which established that sarcoidosis was not work-related.[2] The claimant here does not pursue the claim on the sarcoidosis basis.

Subsequently, on September 21, 1981, Dr. Parkinson diagnosed the claimant as having reactive airways disease. The referee found that, on September 21, 1981, the claimant knew of the possible relationship between her employment and the occurrence of reactive airways disease.

The referee also found that, although Dr. Parkinson spoke to the employer on four or five occasions after his diagnosis of the claimant's alleged work-related injury on September 21, 1981, and before her return to work on December 7, 1981, those conversations did not constitute timely notice to the employer of the claimant's alleged work-related injury. Consequently, the referee determined that the employer's first notice of any alleged work-related injury was the filing of the petition on February 23, 1982, which was beyond the 120-day statutory period, measured from September 21, 1981.

When the claimant returned to work on December 7, 1981, she learned to repair and clean typewriters, but, on January 4, 1982, the employer terminated the claimant's employment on the ground of unsatisfactory work progress.

---

[2] Neither party has raised any issue regarding sarcoidosis on this appeal.

The issue is whether, under section 311 of the Act,[3] the employer had knowledge of the occurrence of the alleged work-related injury within the required 120-day period. Only the reactive airways disease injury is involved.

The claimant contends that the referee capriciously disregarded evidence of reactive airways disease and failed to make specific findings of fact regarding that disease, and as a result, the case should be remanded for further findings of fact. In addition, the claimant contends that the employer had knowledge of the alleged work-related injury based upon conversations with Dr. Parkinson, as evidenced by employer's transfer of the claimant from photocopiers to typewriters on December 7, 1981.

The courts in this Commonwealth have long held that whether any notice of an injury has been given to an employer is an issue of fact which the referee determines, precluding the courts from disturbing such a finding on appeal. *Katz v. Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979), *citing Wilkinson v. United Parcel of Pennsylvania,* 158 Pa. Superior Ct. 22, 43 A.2d 408 (1945).

Although Mr. Rutellini, a Branch Technical Support Manager for the employer, testified that he was worried about the "toner thing" hurting the claimant when she returned to work, he also testified that he had no knowledge that the occurrence of her reactive airways disease was work-related.[4]

---

[3] Section 311 of the Act, 77 P.S. §631, provides in pertinent part that "[u]nless the employer shall have knowledge of the occurrence of the injury . . . and unless such notice be given within one hundred twenty days after the occurrence of the injury, no compensation shall be allowed."

[4] Q. Now, when you had these four or five conversations with Dr. Parkinson, at any time when you had

The referee, as the ultimate factfinder, may weigh the evidence and accept or reject the testimony of any witness in whole or in part. Further, the acceptance or rejection of any testimony does not constitute capricious disregard of competent evidence. *Hoffman v. Workmen's Compensation Appeal Board,* 87 Pa. Commonwealth Ct. 44, 485 A.2d 1235 (1985). Consequently, the referee did not capriciously disregard evidence in determining that the claimant's notice was not timely.

This court must reject the claimant's request that we remand for further findings on whether she had a compensable claim for reactive airways disease[5] because the employer's lack of timely notice on that issue precludes further consideration.

Accordingly, we affirm.

---

these conversations did he advise you as to whether Cindy McCullough had a pulmonary disorder that was the result of her working with chemicals at Xerox Corporation?

A. No. He made mention of Cindy's problems but not that the chemicals were causing the problem.

Q. At any time while you were involved with Cindy McCullough, were you advised by her or anybody else that the condition from which she was suffering was work related in any regard?

A. No.

Q. Dr. Parkinson nor the claimant told you that?

A. No. In fact, talking to Dr. Parkinson in the October, November time frame, at one point in time he told me that one of the best things for Cindy right now therapy-wise would be to get back to work.

[5] This court has held that a worker who experiences an aggravation of a pre-existing pulmonary problem as a result of her exposure to chemical substances in the workplace, has a compensable injury under section 301(c), 77 P.S. §411. *Sandusky v. Workmen's Compensation Appeal Board,* 87 Pa. Commonwealth Ct. 605, 487 A.2d 1019 (1985). Because the referee considered only whether the claimant had a compensable injury under section 108 of the Act, a remand would have been warranted to determine if the claimant had a compensable injury had notice been timely.

ORDER

Now, April 29, 1986, the order of the Workmen's Compensation Appeal Board, No. A-85712, is affirmed.