Ronald **TOMCZAK**, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PRO–AIRE TRANSPORT, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 1994.

Decided Nov. 8, 1995.

Michael D. Schaff, for petitioner.

Audrey L. Jacobsen, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Ronald Tomczak (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's order denying him benefits.

### Historical Facts From Tomczak I [1]

On April 16, 1987, Claimant, a truck driver, allegedly suffered an injury to his back while hauling goods for his employer, Pro–Aire Transport, Inc. Claimant asserted that he was struck by a fork lift operated by General Phone, a customer of Pro–Aire. Claimant first sought medical treatment for his injury on April 26, 1987; however, Claimant continued to drive until approximately June 15, 1987. In August of 1987, Claimant was admitted to Northeastern Hospital, where he underwent a discectomy performed by Dr. Merylee Werthan, a board certified neurosurgeon.

Before the referee, Claimant presented the testimony of Dr. Merylee Werthan by deposition wherein she opined that Claimant's herniated disc was caused by his April 16, 1987 work injury. Dr. Werthan also testified that Claimant's injuries prevented him from continuing to drive trucks cross-country and

from heavy lifting. Pro–Aire did not present any medical evidence.[2]

On June 29, 1990, Referee Lundy denied Claimant's petition, holding that Claimant had failed to meet his burden of proving with substantial competent medical evidence that his disability and herniated disc were caused by his April 16, 1987 accident. In reaching her decision, the referee rejected Claimant's medical evidence, the testimony of Dr. Werthan, stating only that "[t]he Referee rejects the deposed expert medical testimony of Claimant's treating neurological surgeon, Dr. Merylee E. Werthan, who testified that as a result of Claimant's April 16, 1987 injury, Claimant sustained a herniated disc with nerve root pain into the right leg." (Referee's Decision June 29, 1990, Finding of Fact No. 11.)

Claimant appealed to the Board, and on September 19, 1991, the Board affirmed the referee's order. On appeal to our Court, we held that we could not determine if the referee's rejection of Dr. Werthan's testimony was based upon a credibility finding or for other reasons, and we vacated and remanded the matter "for the referee to explain why she rejected the testimony of the medical expert offered by Ronald Tomczak." *Tomczak I,* 150 Pa.Commonwealth Ct. at 441, 615 A.2d at 998.

### Facts of the Present Appeal

On remand, the referee[3] again rejected Dr. Werthan's testimony pertaining to the cause of Claimant's injuries. Specifically, she found that:

5. In support of his petition, Claimant presented the testimony of Dr. Werthan. *Dr. Werthan first saw Claimant on August 3, 1987* upon his admission to the hospital. She took his history and reviewed the results of objective tests. *The*

---

1. *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire Transport, Inc.),* 150 Pa.Cmwlth. 431, 615 A.2d 993 (1992) (*Tomczak I*).

2. The only evidence that Pro–Aire presented was that of Mildred and John Vance, co-owners of Pro–Aire, who testified as to the employment relationship between Claimant and Pro–Aire. Pro–Aire had claimed that Claimant was an inde-

pendent contractor. The referee rejected this assertion and found that the Vances' testimony was not credible. We agreed and resolved this issue in *Tomczak I;* that issue is not before us now.

3. Due to Referee Lundy's illness, the case on remand was presented before Referee Crum.

doctor conceded that she had no history of Claimant prior to the April 16, 1987 incident and she was unaware of any such history. Dr. Werthan performed a diskectomy [sic] on Claimant on August 12, 1987 and has treated him since. He subsequently developed other problems to his neck, shoulders and right fingers which the doctor opined are not related to the work incident of April 16, 1987. Dr. Werthan opined within a reasonable degree of medical certainty that Claimant's lower back problems are related to the April 16, 1987 work injury.

6. After careful review and consideration of Dr. Werthan's testimony as a whole, I find her testimony to be incredible and unpersuasive, and reject it accordingly.

(Referee's Decision January 7, 1993.) (Emphasis added.) Thus, the referee concluded that Claimant failed to meet his burden of proving with substantial competent medical evidence that his disability and herniated disc were caused by his April 16, 1987 accident. The Board affirmed the referee's decision and this appeal followed.

■ On appeal to this Court, the sole issue is whether the referee failed to comply with the remand order by capriciously disregarding the testimony of Dr. Werthan. Before discussing this issue, we must address the applicable standard of review.

■ In *Tomczak I*, Pro–Aire argued that the capricious disregard standard did not apply. We held otherwise; nevertheless, Pro–Aire again raises this issue. The capricious disregard standard is the standard of review employed where the party with the burden of proof is the only party to present evidence, and that burdened party loses.[4] *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988). When both parties present evidence, however restricted, our scope of review is limited to a determination of whether constitutional

rights have been violated, an error of law committed, or whether any necessary findings of fact is unsupported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

■ We again articulate, and so hold again, that the capricious disregard standard applies, adopting our reasoning in *Tomczak I*, that is, "[w]hile Pro–Aire did present evidence on the question of whether the claimant was an employee ... it presented no evidence on the medical questions involved in this case. We thus are compelled [to use] the standard of capricious disregard." *Id.*, 150 Pa.Commonwealth Ct. at 435–436, 615 A.2d at 996 (footnote omitted). Furthermore, even if it were otherwise, the issue was settled in *Tomczak I* and is now the law of the case. *Farber v. Engle*, 106 Pa.Cmwlth. 173, 525 A.2d 864 (1987).

■ In utilizing this capricious disregard standard, we must decide whether the referee willfully and deliberately disregarded competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Arena v. Packaging Systems Corp.*, 510 Pa. 34, 507 A.2d 18 (1986). The referee's decision must at the very least contain a rational basis in the evidence of record, which could explain her findings. *McGarry v. Workmen's Compensation Appeal Board (Morrissey)*, 146 Pa.Cmwlth. 594, 606 A.2d 648 (1992), *petition for allowance of appeal denied*, 533 Pa. 620, 619 A.2d 701 (1993). "If specific credibility determinations appear that support the result of the adjudication, then we may affirm the decision below on the basis that the burdened party failed in his burden to persuade the factfinder." *Kirkwood*, 106 Pa.Commonwealth Ct. at 97, 525 A.2d at 844 (emphasis omitted).

4. This Court in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987), enunciated the underlying rational of the capricious disregard standard. The substantial competent evidence scope of review is impossible to apply to situations where the burdened party is the only party to present

evidence, and does not prevail "because if there was *no* evidence to support the party who did prevail, how then can there be substantial evidence to support the adjudication?" *Id.*, 525 A.2d at 843 (emphasis in original) (footnote omitted).

Turning to the threshold issue, Claimant argues that on remand, the referee merely "rubber stamped" the June 1990 referee decision, failing again to sufficiently explain the reason for rejecting Dr. Werthan's testimony. Claimant also asserts that the Board, in reaffirming, "inferred" that the referee found the testimony not credible "apparently believing" that the referee on remand again did not articulate a sufficient explanation for her rejection of the testimony. (Claimant's Brief at 6.)

On remand, the referee clearly expounded her reasons for rejecting Dr. Werthan's medical testimony, and did not capriciously disregard it. The referee explained that, after carefully reviewing the testimony as a whole, Dr. Werthan's opinion concerning the causal relationship between Claimant's injuries and his employment lacked the proper foundation and, therefore, was not credible and was unpersuasive.[5] She rationally arrived at this conclusion based on the fact that Dr. Wer-

than was unaware of Claimant's medical history, and, since the referee sufficiently explained the basis for rejecting Dr. Werthan's testimony, she did not capriciously disregard the evidence and did, therefore, comply with this Court's remand order.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, November 8, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

5. The referee is the ultimate fact finder, who determines witness credibility and evidentiary weight, *Hills Department Store # 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa. Cmwlth. 354, 646 A.2d 1272 (1994), and can accept or reject any witness' testimony in whole or in part, including that of medical witnesses. *Crenshaw.* The referee's assessment of credibility is not subject to review on appeal. *Id.*