John K. SHRADER, V.M.D., Petitioner,

v.

**BUREAU OF PROFESSIONAL AND OC-CUPATIONAL AFFAIRS and State Board of Veterinary Medicine, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1995.
Decided Dec. 28, 1995.
Publication Ordered March 25, 1996.

Anthony W. DeBernardo, Jr., for Petitioner.

Jackie Wiest Lutz, for Respondents.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

John K. Shrader, V.M.D. (Petitioner) appeals from an order of the State Board of Veterinary Medicine (Board), suspending Petitioner's license for one year subject to a reduction of the suspension to three months upon satisfaction of certain conditions imposed by the Board, and also assessing a civil penalty in the amount of One Thousand Dollars ($1,000.00).

This case came before the Board on an order to show cause (OTSC) filed by the Bureau of Professional and Occupational Affairs (Bureau). The purpose of the OTSC was to ascertain whether Petitioner had violated Section 21(22) of the Veterinary Medi-

cine Practice Act (Act),[1] which provides that it is a violation of the Act to:

> Knowingly maintain a professional connection or association with any person who is in violation of the act or regulation of the board or knowingly aiding, assisting, securing, advising, or having in the licensee's employment any unlicensed person to practice veterinary medicine contrary to this act or regulations of the board.

The OTSC charged that as of September 2, 1993, Petitioner, a Pennsylvania licensed veterinarian, had in his employment Wojciech A. Sliwa (Sliwa), an unlicensed foreign veterinary school graduate, who had worked for Petitioner for approximately six years, and had performed surgery on animals, including spays, neuters, and declaws. In the course of an interview with an investigator with the Bureau, Petitioner told the investigator that Sliwa performed this surgery under Petitioner's direct supervision.

Petitioner, through counsel, filed an answer to the OTSC in which he admitted that he had employed Sliwa who had not obtained a license from the Commonwealth to practice veterinary medicine, but, "had satisfied all of the requirements and passed the National Board and was in substantial compliance with the requirements of the Commonwealth of Pennsylvania." On September 22, 1994, a hearing was held before the Board on this case. After post-hearing briefs were submitted, the Board determined that in knowingly employing Dr. Sliwa, Petitioner had violated Section 21(22) of the Act.

Petitioner argues that the pleadings, which were the only evidence offered in this case, only establish that Sliwa was unlicensed when he worked for Petitioner, but do not establish that Petitioner *knew* that Sliwa was unlicensed. In response, the Board stated that it reasonably inferred from the pleadings and by taking notice of two additional facts: 1) that licensed veterinarians are required to bi-annually renew their respective licenses, Section 9(c) of the Act;[2] and 2) that licensed veterinarians are required to keep

their licenses conspicuously displayed in their principle place of business, Section 17 of the Act,[3] that Petitioner had knowledge of Sliwa's lack of licensure. Petitioner argues that the Board's inferences were not based on substantial evidence.

Substantial evidence is "the relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the factfinder, might accept as adequate to support the conclusion reached, [citation omitted]." *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Cmwlth. 158, 504 A.2d 985, 988, n. 1 (1986). In order for the party with the burden of proof to prevail when relying on circumstantial evidence, the evidence "must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the factfinder any other evidence and reasonable inferences ... which are inconsistent. [Citation omitted.]" *Canery v. Southeastern Pennsylvania Transportation Authority*, 267 Pa.Superior Ct. 382, 406 A.2d 1093, 1095 (1979).

It is the duty of this Court to determine whether the findings of the Board are supported by substantial evidence and whether the inferences deduced by the Board are reasonably based on the facts proven. Moreover, effect must be given to the expertise of an administrative agency, which may draw on this expertise and experience in factual inquiries. *Pennsylvania Labor Relations Board v. Sand's Restaurant Corp.*, 429 Pa. 479, 240 A.2d 801 (1968).

Here, the Board's determination that Petitioner knew Sliwa was unlicensed was a conclusion based on reasonable inferences from the evidence of record and the facts which are known to all professionals in the field of veterinary medicine. Thus, for example, the Board reasonably inferred from Petitioner's statement to the Bureau's investigator that Sliwa only performed surgery under his direct supervision and that Petitioner knew that Sliwa was not independently quali-

---

1. Act of December 27, 1974, P.L. 995, *as amended*, 63 P.S. § 485.21(22).

2. 63 P.S. § 485.9(c).

3. 63 P.S. § 485.17.

fied to practice veterinary medicine. Moreover, as a matter of common practice, it would be reasonable to assume that when Petitioner hired Sliwa he first ascertained whether Sliwa was licensed in Pennsylvania. If he did not find out if Sliwa was licensed at the commencement of his employment, the Board reasoned that Petitioner could not have failed to notice, in the six years he worked alongside Sliwa, that Sliwa did not display a Pennsylvania license, as required by law,[4] nor, is it reasonable to assume that, despite the passage of three bi-annual renewal periods, he never questioned Sliwa's licensure status.

We therefore conclude that the inferences deduced by the Board are reasonably based on the facts proven, and that there is sufficient evidentiary foundation for the Board's finding that Petitioner knowingly employed an unlicensed person to practice veterinary medicine.

Accordingly, we affirm the Board's opinion and order in its entirety.

### ORDER

AND NOW, this 28th day of December, 1995, the order of the State Board of Veterinary Medicine in the above-captioned matter is hereby affirmed.

**4.** As to Petitioner's argument that there is no evidence of record that Sliwa's license was not prominently displayed, it was admitted that Sliwa was unlicensed, so it would not have been possible to display such a license, and no need for the Board to prove this fact.