Victoria J. CERASARO, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (POCONO MOUNTAIN MEDICAL, LTD. and U.S.F. & G. Insurance Company), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1998.

Decided Sept. 17, 1998.

Pasco L. Schiavo, Hazleton, for petitioner.

Cal A. Levanthal, Honesdale, for respondents.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

FLAHERTY, Judge.

Victoria Cerasaro (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the denial of benefits by the Workers' Compensation Judge (WCJ). We affirm.

Claimant was employed as a medical billing clerk by Pocono Mountain Medical (Employer). On April 24, 1990, in the course of her employment, Claimant was cleaning the parking lot in front of Employer's building. The next morning, Claimant developed severe low back pain which she reported to Employer. She then started treating with a chiropractor. She continued to work, and in order to accommodate her, the Employer permitted her to work at home. She continued to work in this fashion until January 1991, when she was laid off for reasons unrelated to her back pain. On January 17, 1992, Claimant filed a claim petition against Employer alleging that she suffered a work-related injury on April 24, 1990 due to exertion in cleaning the parking lot. Employer denied all material allegations. Claimant presented the medical testimony of Dr. Duffy to establish her claim. The Employer did not present any expert medical testimony but did present evidence regarding Claimant's activities after April 24, 1990.

The WCJ denied benefits to Claimant, concluding that she did not meet her burden of proof. The Claimant appealed to the Board. The Board vacated the decision of the WCJ and remanded. The Board provided the following explanation for its action:

Dr. Duffy was the only medical expert to testify in this case. Dr. Duffy testified that Claimant's present disability was related to the work incident on April 24, 1990. Although such testimony is sufficient to support a Claim Petition, it is admitted that on cross-examination of Dr. Duffy, he wavered with regard to whether this was the sole cause of Claimant's current disability since he was unaware of the previous low back condition of Claimant and admitted that there were other factors that could have contributed to Claimant's disability. However, the WCJ failed to even consider in his Findings of Fact the strong testimony supporting the causal relationship between Claimant's work activities and her present disabilities. We find that further Findings of Fact are necessary to provide a reasoned decision as to why the testimony of Dr. Duffy relating Claimant's disability to her work injury were [sic] discounted in arriving at his Decision. Otherwise we would be compelled to find based on [a] capricious disregard standard that Claimant met her burden of proof in this matter.

Board's slip op. dated October 31, 1995 at p. 5. (R.R. at 19). Upon remand the WCJ made 8 numbered additional findings of fact and 3 additional conclusions of law. In these additional findings of fact and conclusions of law, the WCJ offered detailed reasons as to why he found the testimony of Dr. Duffy not credible. The Claimant appealed and the Board affirmed. The Claimant now petitions this Court for review.

Claimant in her brief to this Court asserts that the WCJ capriciously disregarded Dr. Duffy's testimony. Appellate review over an order of the Board is limited to determining whether the WCJ capriciously disregarded competent evidence when the burdened party is the only party to present evidence on the issue upon which she has the burden and loses. *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire Transport)*, 667 A.2d 271 (Pa.Cmwlth.1995). In *Tomczak*, the claimant was the only party to present medical testimony, however the employer did present testimony regarding the issue of whether claimant was its employee at the time of the alleged injury. The employer argued that the capricious disregard standard did not apply since both it and the claimant presented evidence. This Court rejected the employer's argument noting that "[w]hile Pro–Aire did present evidence on the question of whether the claimant was an employee ... it presented no evidence on the medical questions involved in this case. We are thus compelled [to use] the standard of

capricious disregard." *Id.* at 273. As in *Tomczak,* the Employer herein did not present any evidence regarding Claimant's injury. Thus, as in *Tomczak,* we must determine whether the WCJ herein capriciously disregarded the testimony of Dr. Duffy.

▪ A capricious disregard of evidence occurs when there is a "willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge." *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service),* 95 Pa.Cmwlth. 158, 504 A.2d 985, 988 n. 2 (1986). In the present case the WCJ gave a detailed explanation of why he rejected Dr. Duffy's testimony as not worthy of belief. Even, as here, where the burdened party is the only party to present evidence, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence and the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is expert testimony and is uncontradicted. *See Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703 (Pa.Cmwlth.1995), and *McCullough v. Workmen's Compensation Appeal Board (Xerox),* 96 Pa.Cmwlth. 621, 508 A.2d 621 (1986), *alloc. denied,* 516 Pa. 615, 531 A.2d 781 (1987).

Here, after remand, the WCJ gave several detailed reasons for not finding Dr. Duffy's testimony to be credible. Thus, we cannot say that the WCJ engaged in a willful and deliberate disbelief of an apparently trustworthy witness whose testimony he had no basis to challenge. The reasons which the WCJ herein gave as prompting him to find Dr. Duffy not credible supply a more than sufficient basis for challenging the credibility of Dr. Duffy.

▪ Claimant herein challenges the WCJ's reasons as either not being adequately supported in the record or as being simply erroneous. However after reviewing the record, we find that the following reasons proffered are indeed supported in the record and not erroneous and are sufficient to provide a rational basis for discrediting Dr. Duffy.

The WCJ found that Dr. Duffy did not treat Claimant until almost a year after April 24, 1990, the date of the alleged injury. Certainly, the WCJ may consider the lapse of time between a doctor's examination and the alleged injury in determining what weight to give the doctor's testimony. The WCJ also pointed the to fact that although Dr. Duffy admitted that recording in his notes the dynamics of how an injury occurred is something that he would normally do, the notes from his first treatment session with the Claimant make no mention of why she was having pain symptoms. The WCJ also noted that during his treatment of Claimant, Dr. Duffy admitted to being confused about the cause of the Claimant's pain and acknowledged that as of January 31, 1992, the etiology of the pain was unknown (R.R. at 122), however, by the time he was deposed in May of 1992, Dr. Duffy loosely related Claimant's pain to the April 24, 1990 incident, but the WCJ notes that it was unclear what if anything happened to cause Dr. Duffy to find a cause that he could not find in January. The WCJ also pointed to the fact that Dr. Duffy acknowledged that Claimant's spinal degenerative problems pre-existed the April 24, 1990 incident. (R.R. at 128–29). The WCJ found Dr. Duffy's testimony questionable because Dr. Duffy did not ask the Claimant if prior to April 24, 1990, she had experienced back problems, although Dr. Duffy acknowledged on cross-examination that he should have made such an inquiry and that if Claimant had such prior symptoms or treatment such information would be important. (R.R at 118–120). In this same regard, the WCJ noted that Dr. Duffy acknowledged that he assumed that Claimant was healthy prior to April 24, 1990 and as such Dr. Duffy rendered his medical opinion in this case without knowledge of Claimant's pre-existing low back problems and chiropractic treatment which Claimant admitted undergoing. (R.R. at 57–58). The WCJ observed that Dr. Duffy was under the impression that the Claimant stopped working around the middle of September 1990 because of her condition. (R.R. at 124)[1] The WCJ found Dr. Duffy's

---

1. At p. 4 of the WCJ's slip opinion wherein he provides this reason, the cite is to p. 33 of Dr.

Duffy's deposition. However, the page number is apparently a typographical error as the page of

credibility undermined by this given that Claimant continued to work for her employer at her home until she was laid off for reasons unrelated to her condition in January 1991, (R.R. at 45), as well the fact that Claimant operated a kennel business with 10 Siberian huskies and performed housecleaning services for others well after April 1990. (See R.R. at 81–82). We find the foregoing reasons constitute sufficient bases for the WCJ to find Dr. Duffy's testimony not credible. Accordingly, we do not find that the WCJ herein capriciously disregarded Dr. Duffy's testimony.

 Claimant provides an alternative view of these reasons, offering explanations as to why they should not tend to undermine Dr. Duffy's credibility. However, in essence, Claimant is viewing the record in a light most favorable to herself and she is the party who lost before the WCJ. Such viewing of the record in a light most favorable to the party who lost before the factfinder runs contrary to the established appellate practice of viewing the record in a light most favorable to the party who prevailed before the factfinder. For, we are to draw all reasonable inferences which are deducible from the record in support of the factfinder's decision in favor of that prevailing party, viewing the record in a light most favorable to that party. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995). Accordingly, to the extent that the reasons proffered by the WCJ are susceptible of an interpretation in support of his decision as well as an interpretation against his decision, we are required to accept that interpretation which supports the WCJ's decision. Accordingly, Claimant cannot prevail on this issue.

Claimant also raises the issue of whether there is substantial evidence to support some of the WCJ's factual findings. From our careful review of the record, viewing it in a light most favorable to the Employer as the party which prevailed before the factfinder and drawing all reasonable inferences in Employer's favor, we find that there is substantial evidence to support the WCJ's factual findings.

Accordingly, having found that the WCJ did not capriciously disregard Dr. Duffy's testimony and having found substantial evidence to support the WCJ's challenged findings of fact, we affirm the Board.

### ORDER

NOW, September 17, 1998, the order of the Workers' Compensation Appeal Board dated March 9, 1998 at docket number A96–2512 is hereby affirmed.

the deposition wherein this subject is dealt with actually occurs on p. 35 of the deposition.